IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STACY MAURICE BALLEW                                                                          PLAINTIFF

v.                            Civil No. 6:11-cv-06010

OFFICER DUNN; JAIL NURSE
M. REEVES; DR. HALE; and JOHN DOES                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Stacy Ballew filed this case *pro se* and *in forma pauperis* on February 8, 2011 under 42 U.S.C. § 1983.  ECF No. 1.  Now before the Court is Defendants' Motion to Dismis.  ECF No. 29.  Plaintiff has not responded.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

I.     BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Garland County Detention Center ("GCDC") in Hot Springs, Arkansas.  Plaintiff's last address of record indicates he is no longer incarcerated.

In Plaintiff's Complaint he alleges he was slammed to the ground by the officer arresting him.  ECF No. 1, p. 7.  Plaintiff also alleges the police officer driving him to the jail caused him

to slam into the steel bars inside the police cruiser breaking Plaintiff's nose and cutting his head. ECF No. 1, p. 8.  Plaintiff also claims he was denied medical care for seven to ten days after his arrest.  ECF No. 1, p. 8.  Plaintiff named the Garland County Sheriff's Department, the State of Arkansas, the President of the United States of America as Defendants, and John Does in his Complaint.  ECF No. 1, p. 1.

Plaintiff was released from the GCDC and submitted a change of address notice to the Court on March 14, 2011.  ECF No. 11.  Plaintiff did not communicate the with Court again until filing the instant Response to Show Cause on January 23, 2013.  ECF No. 31.

On April 20, 2012, Defendants filed a Motion to Compel.  ECF No. 26.  In this Motion, Defendants argue Plaintiff failed to respond to the majority of Defendants' discovery requests and failed to sign and return the medical authorization form attached to the discovery requests. Additionally, Defendants argue the responses Plaintiff did provide were unintelligible, garbled, and included random numbers.  ECF No. 26, p. 2.  For example, Plaintiff's response to Defendants' Interrogatory No. 1 read: "Ima Cothahilion Mortion as noted In Complitabtion 401 Is Enough For Compliance of C Red 0410Culation."  ECF No. 26-3.

On June 7, 2012, the Court granted Defendants' Motion to Compel and ordered Plaintiff to make supplemental responses to Defendants' discovery requests by June 25, 2012 ("Order to Compel").  ECF No. 28.  The Clerk of the Court sent the Order to Compel to Plaintiff's address of record and it was not returned as undeliverable mail.  Plaintiff did not comply with the Order to Compel, and Defendant filed the instant Motion to Dismiss on July 25, 2012.  ECF No. 29.  In the Motion to Dismiss, Defendants state Plaintiff did not produce the supplemental discovery responses or signed medical authorization as directed by the Court in the Order to Compel.  ECF

No. 29.

On January 2, 2013, the Court issued an Order to Show Cause directing Plaintiff to respond—by January 16, 2013—showing cause why this case should not be dismissed based on his failure to comply with the Court's Order to Compel. ECF No. 30. The Court advised Plaintiff that failure to respond could result in the dismissal of this case. ECF No. 30.

Plaintiff responded to the Order to Show Cause on January 23, 2013—seven days after the Court ordered deadline. ECF No. 31. The two-page Response, is filled with nonsensical statements similar to those included in Plaintiff's limited responses to Defendants discovery requests. For example, "Under Statutes Colotatious Viticus ovocal Manner Doc Ument ozor-710432 world Govornment Statutes 6104-Colomus S104-7308 of Victorurus Standard of Carol Mlnorus." While the Response is primarily incomprehensible, the Court was able to understand two statements from the Response: (1) "I was Inslaved Illegally"; and (2) "Please Render Summary Judgment with expediance (sic) . . . ." ECF No. 31.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or

contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Furthermore, an incomprehensible response to a court order that may warrant dismissal for failure to comply with the court's order under Rule 41(b). *Brown v. Board of Trustees of Police Retirement System of St. Louis*, Civil No. 12-635, 2012 WL 2885633, at *1 (E.D. Mo. July 13, 2012) (dismissing a complaint without prejudice based on Rule 41(b) because the *pro se* plaintiff's response did not comply with the court's order to amend the complaint and was largely "incomprehensible and sometimes illegible.").

### III.   DISCUSSION

Plaintiff failed to comply with the Court's Order to Compel (ECF No. 28). Plaintiff also failed to respond to the Court's Order to Show Cause by the Court ordered deadline. Finally, when Plaintiff did file his Response he failed to show cause why he has not complied with the Court's Order to Compel. Plaintiff's Response was completely non-responsive to the Court's Order to Show Cause, instead, including primarily rambling nonsensical statements. The two statements in the Response the Court did understand are unrelated to the Court's Order to Show Cause—Plaintiff's claim he was illegally enslaved and his request for summary judgment. Accordingly, Plaintiff failed to show cause why he has not complied with the Court's Order to

Compel, and Plaintiff's Complaint should be dismissed without prejudice for failure to comply with an order of the Court.  *See Brown*, Civil No. 12-635, 2012 WL 2885633, at *1.

Furthermore, Plaintiff has failed to prosecute this case.  Plaintiff has failed to meaningfully participate in discovery with Defendants or respond to Defendants' Motion to Dismiss.  Additionally, Plaintiff has not filed anything with the Court, prior to the Response to the Order to Show Cause, in over ten (10) months.  Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to prosecute this action.  *See* Fed. R. Civ. P. 41(b).

### IV.   CONCLUSION

For the foregoing reasons, I recommend the Defendants' Motion to Dismiss (ECF No. 29) be **GRANTED** and the above styled case be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Court's Orders and prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of January 2013.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE